IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ARRON M. LEWIS
ADC #151373                                                          PLAINTIFF

v.                               No. 5:15-cv-254-DPM-BD

JACQUELINE CARSWELL, APN, Tucker
Maximum Security Unit; PATRICK DRUMMOND,
APN, Tucker Maximum Security Unit; and
JAMES SHELTON, Medical Doctor, Tucker
Maximum Security Unit                                               DEFENDANTS

ORDER

1.  On *de novo* review, the Court adopts the June recommendation, № 78, and overrules Lewis's objections, № 81.  FED. R. CIV. P. 72(b)(3).  Lewis's motion for summary judgment, № 71, is denied without prejudice as premature.  He may refile it when discovery is completed.

2.  The opposed motion to supplement objections, № 82, is denied.  The new affidavit from another prisoner isn't a supplement to the objections; it's more proof for the Defendants' summary judgment motion on exhaustion. The deadline for filing that motion passed four months ago. Lewis hasn't had a chance to respond to the affidavit in substance; Magistrate Judge Deere didn't get to weigh the other prisoner's testimony at the evidentiary hearing; and the Defendants haven't shown good cause for the Court to consider it

now. This case has been pending for almost a year. It's time to move it forward.

**3.** On *de novo* review — including a review of the testimony and evidence from the 29 April 2016 evidentiary hearing — the Court adopts the partial recommendation on exhaustion, № 69, and overrules the Defendants' objections, № 74. FED. R. CIV. P. 72(b)(3).

The Defendants' chief complaint is that Magistrate Judge Deere didn't make necessary credibility findings. They say she should have explicitly decided whether Lewis was telling the truth — whether he "in fact mailed the two grievances, as alleged, to the Deputy Director[.]" № 74 at 7. If Lewis bore the burden of proving exhaustion, then they'd be right. But he doesn't. Instead, the Defendants had to prove that Lewis *wasn't* telling the truth. As Magistrate Judge Deere noted, proving that negative is a difficult task. That's the burden the Defendants took on, though, when they raised the exhaustion defense.

Magistrate Judge Deere concluded that the Defendants didn't carry their burden. This Court agrees. The greater weight of the evidence doesn't show non-exhaustion. At best, the proof is in equipoise.

Lewis says that despite following the ADC's grievance policy, he got no responses to the two grievances at issue. He says he mailed them to the Deputy Director by ADC truck mail to ensure complete exhaustion. ADC Medical Grievance Coordinator Shelly Byers candidly testified that grievances — particularly medical ones — don't always get a timely response. She says the Deputy Director didn't get Lewis's mailed grievances; but she admits that ADC truck mail is fallible and that incoming and outgoing mail aren't tracked.

The Court doesn't have to choose whether to believe Byers over Lewis. Their testimony is reconcilable. Magistrate Judge Deere didn't raise any flag about either's demeanor while testifying. Neither person's testimony rings untrue. And regardless of what other Courts have found in other circumstances, the Defendants didn't succeed in undercutting Lewis's credibility here and tipping the proof in their favor.

In short, the Court agrees with Magistrate Judge Deere's conclusion. It's possible Lewis isn't telling the truth; but the Defendants didn't prove that by the greater weight of the evidence. Their motion for summary judgment on non-exhaustion, № 53, is therefore denied.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_24 August 2016_